Nott, J.,
delivered the opinion of the court:
This is an action brought to recover $611 73, being for officer’s pay while in the military service.
In December, 1864, Colonel Greer, then being at his residence in Mount Vernon, Ohio, applied to be appointed colonel in what was *189 then known as the “Hancock” or “1st corps,” and received the following reply:
“ WAR DEPARTMENT, ADJUTANT GENERAL’S OFFICE,
“ Washington, December 24, 1864.
“ To B. A. F. Greer, Mount Vernon, Ohio, through Major General
Hancock, commanding 1st corps.
“ Sir : You are informed that your application for appointment in the 1st corps (Hancock’s) has been approved for the grade of colonel, subject to such action by the examining board as may be in future deemed proper, and to confirmation by the Senate.
“ Should you accept this provisional appointment, you will signify the same to the Adjutant General, and immediately report by letter to Major General Hancock, at Washington, D. C., for instructions, to assist in raising men for the corps. You will be entitled to pay from date of acceptance, until duly notified that your services are no longer required.
“ By order of the Secretary of War :
“ E. D. Townsend,
“Assistant Adjutant General.”
The claimant accepted the provisional appointment, and reported by letter to Major General Hancock, by whom he was ordered to Washington and placed on duty connected with the corps. On the 3d July, 1865, the following order was issued:
“War Department,-Adjutant General’s Office,
“ Washington, July 3,1865.
“ 51. Colonel B. A. F. Greer, United States veteran volunteers, (1st army corps,) not having passed the required examination before a duly authorized examining board, is hereby honorably discharged the service of the United States.
“By order of the Secretary of War:
“ E. D. Townsend,
“ Assistant Adjutant General.”
This order did not reach the claimant until the 18th "of July. Between the 3d and 18th he was in Washington, not on actual duty, but expecting the order. During this interval he several times applied to the assistant adjutant general of the corps to know if the order had come, but was informed that it had not been received at the corps headquarters.
*190 For these services tbe claimant received tbe pay and allowances of a colonel of infantry up to tbe 3d of July, 1865, but be was not paid for tbe interval between tbe date of tbe discharge and its receipt by him; nor for bis travelling expenses on returning to bis residence in Ohio; nor tbe three months’ “pay proper” allowed by tbe act of 3d March, 1865, see. 4, (13 Stat. L„ p. 497,) to “all officers of volunteers now in commission, below tbe rank of brigadier general, who shall continue in tbe military service to tbe close of tbe war,” and also'allowed by tbe act of 13th July, 1866, (14 Stat. L., p. 94,) to those “who were in set vice on tbe 3d day of March, 1865, and whose resignations were presented and accepted, or who were mustered out at their own request, or otherwise honorably discharged, from the service after tbe 9th day of April, 1865.”
The right of tbe claimant to recover for these items of pay has been elaborately discussed by bis learned counsel and by the deputy solicitor who appeared for tbe defendants, but we think tbe right of tbe claimant to recover is regulated and limited entirely by the terms of tbe appointment which be accepted, and under which be acted. That order was in terms made “subject to such action by the examining board as may be in future deemed proper, and to confirmation by the Senate.” Neither of these conditions was ever complied with. Tbe claimant failed to pass- tbe examining board; be was never confirmed by tbe Senate; nor did be ever receive a commission from tbe President. He therefore, we think, was not “ in commission” on tbe 3d of March, 1865, within tbe meaning of tbe one act, nor “in service” within tbe meaning of tbe other. And'as to tbe “transportation,” or travelling expenses allowed to officers on leaving tbe service, there is nothing in tbe appointment which gives or promises it to tbe claimant. His rights rest upon that order because be never succeeded in getting beyond it, so as to place them upon tbe laws and regulations applicable to officers actually within tbe volunteer service. Now tbe utmost that tbe order promises is this: “ You will be entitled to pay from date of acceptance until duly notified that your services are no longer required;” and tbe utmost that tbe claimant can ask is tbe pay appertaining to his rank up till tbe time that be was “ duly notified” that bis services would be no longer required.
Tbe only doubts which we have felt relate to tbe interval between tbe 3d and tbe 18th of July; i. e., between tbe times when tbe order of dismissal was issued by tbe defendants and received by the claimant. Without passing upon tbe question whether tbe appointment would in any case warrant Buch a demand, we think that here tbe *191 facts do not warrant sucb a conclusion. It appears by the claimant’s own testimony that he knew of the order having been issued, and remained in Washington awaiting and expecting its receipt. This was an inconvenience to him, but was not such a rendering of actual services in ignorance of the fact that his discharge had been ordered as would entitle a party to pay for the intervening time. To all intents and purposes the claimant was “duly notifiedhe had failed to comply with one of the conditions of his appointment; the government was reaping no benefit from his services, and the delay in transmitting his formal discharge was his misfortune.
The judgment of the court is that the petition be dismissed.